Filed 11/27/24 P. v. Solisperez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B334274 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA098693) |
| v. | |
| JOSE D. SOLISPEREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment order of the Superior Court of Los Angeles County, Martin L. Herscovitz, Judge. Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

A jury convicted Jose D. Solisperez of fleeing a pursuing peace officer's motor vehicle while driving recklessly in violation of Vehicle Code section 2800.2.  Solisperez waived his right to a jury trial as to the allegations that Solisperez had suffered two prior convictions of serious or violent felonies (strikes), which the trial court found true following a bench trial.  Solisperez appeals from the judgment.  No arguable issues have been identified following review of the record by Solisperez's appointed appellate counsel.  We also have identified no arguable issues after our own independent review of the record.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Solisperez was charged in a felony information filed on May 31, 2023 with one count of violating Vehicle Code section 2800.2.  The information alleged Solisperez had been convicted of two serious or violent felonies within the meaning of the three strikes law (Pen. Code,[1] §§ 667, subds. (b)-(j), 1170.12) and five felonies within the meaning of section 1203, subdivision (e)(4).  The information also alleged two aggravating circumstances under California Rules of Court, rule 4.421(b)(2) and (3).

The evidence at trial established that at approximately 1:10 a.m. on February 17, 2023, Los Angeles Sheriff's Deputy Jesse Corona and his partner, Deputy Valle de la Cruz, were patrolling Cesar Chavez Avenue in East Los Angeles.  Deputy Corona observed a gray sedan driven by Solisperez with tinted windows.  As the sedan approached the intersection of Cesar

---

[1]     Further undesignated statutory references are to the Penal Code.

Chavez and Townsend Avenues, it failed to stop at a posted stop sign. After Deputy Corona observing several other moving violations, the deputies pulled their patrol car behind Solisperez and activated their overhead red and blue lights and siren. However, Solisperez continued driving. At one point Deputy Corona made eye contact with Solisperez and observed a man in the front passenger seat. Using the public announcement system speaker, Deputy Corona directed Solisperez to stop the vehicle. Solisperez did not stop, and the deputies continued to pursue the vehicle with their lights and siren activated. During the pursuit Solisperez drove on local streets and the freeway, and he failed to stop at a stop sign and two solid red lights.

The sheriff's dispatcher contacted the California Highway Patrol (CHP), which took over the pursuit. CHP Officers observed Solisperez fail to stop at a red left turn arrow, drive at a speed of 60 to 65 miles per hour on local streets, and drive through two solid red lights.

The vehicle stopped in the driveway of an apartment complex. CHP Officer Eric Aguirre identified Solisperez as the individual exiting the driver's side of the vehicle. Solisperez ran, and the CHP officers pursued him on foot, eventually apprehending him. Deputy Corona arrived at the scene and recognized Solisperez and the vehicle from the deputies' pursuit.

Solisperez called CHP Officer Donald Heathcott as a defense witness. Officer Heathcott arrived after the vehicle had stopped in the parking lot, while the CHP officers were looking for Solisperez. Officer Heathcott observed an individual in the passenger seat inside the vehicle, who was later identified as David Zarate. Officer Heathcott placed Zarate in his patrol vehicle.

3

On August 15, 2023 the jury returned a guilty verdict for violation of Vehicle Code section 2800.2. Solisperez waived his right to a jury trial on the two prior strikes, and the trial court found true that Solisperez had suffered the two strike convictions (under the name Jesus Navarro).[2] Solisperez did not waive his right to a jury trial on the two allegations of aggravating factors pursuant to California Rules of Court, rule 4.421(b)(2), and the five felonies within the meaning of section 1203, subdivision (e)(4).

Solisperez filed a motion to dismiss pursuant to section 1385, subdivisions (a) and (c), the allegations he had five prior felony convictions and two aggravating circumstances, and a motion to dismiss the allegations he suffered two prior strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The trial court granted the motion to dismiss the five prior felony convictions but denied the motion as to the aggravating circumstances. The court also denied Solisperez's *Romero* motion. Although the court did not strike the two aggravating circumstances, it stated it would only consider them for purposes of supporting the middle term (and not the upper

---

[2] On August 15, 2023 the trial court (Judge Martin L. Herscovitz) continued the bench trial on the prior strike allegations to August 31 as zero of 10. Judge Herscovitz, who oversaw the jury trial, was ill and not in court on August 31, September 6, and September 11, and as a result, the bench trial was continued until September 14; it concluded on September 15. Solisperez objected to the continuances for good cause, and on two of the dates he declined to have another judicial officer conduct the bench trial. Solisperez filed a motion to dismiss for violation of his right to a jury trial and a speedy trial, which the court denied.

4

term).[3]  The court denied probation, selected the two-year middle term, which it doubled under the three strikes law to four years, and ordered the sentence to run concurrently with the sentence in case number LA095436.  The court awarded Solisperez 242 actual days, plus 242 good time/work time days (§ 4019).  The court also imposed a $40 court operations assessment (§ 1465.8, subd. (a)(1)); a $30 criminal conviction assessment (Gov. Code, § 70373); and a $300 restitution fine, and it imposed and stayed a $300 parole revocation restitution fine.  (§§ 1202.4, subd. (b)) & 1202.45.)

Solisperez timely appealed.

## DISCUSSION

We appointed counsel to represent Solisperez in this appeal.  After reviewing the record, counsel filed a brief raising no issues.  Appointed counsel advised Solisperez on or around July 16, 2024 that he could personally submit any contentions or

---

[3]  Section 1170, subdivision (b)(2), states, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  Subdivision (b)(3) states, "Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  It does not appear from the record that the trial court made findings on the allegations of aggravating circumstances.

issues he wanted the court to consider.  We have received no response.

We have examined the record and are satisfied appellate counsel for Solisperez has complied with counsel's responsibilities, and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


FEUER, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.